# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **UNITED FIRE & CASUALTY COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **LAWRENCE PHOTO AND VIDEO, INC.** ) | |
| ) | |
| And ) | |
| ) | |
| **GARY CHASTAIN** ) | |
| ) | |
| And ) | |
| ) | |
| **CASEY CHASTAIN** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff United Fire & Casualty Company ("United"), by and through counsel, pursuant to Federal Rule 57 and 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment states, avers and alleges as follows:

## Jurisdiction and Venue

1. Plaintiff United Fire & Casualty Company (hereinafter "United") is an insurance company and a corporation, incorporated under the laws of the State of Iowa, having its principal place of business in Cedar Rapids, Iowa. United is authorized to, and conducts business in Jackson County, Missouri.

2. Defendant Lawrence Photo and Video Inc. ("Lawrence Photo") is Missouri Corporation, with its principal place of business located in Springfield, Missouri. It may be served through its registered agent Fred Terry at 736 Sunny South Ave., Boynton Beach, Florida 33436.

3. Defendant Gary Chastain is an individual and a resident of the state of Missouri. Defendant Gary Chastain may be served at his principal place of residence at 2262 State Highway D., Crane, Missouri 65633.

4. Defendant Casey Chastain is an individual and a resident of the state of Missouri. Defendant Casey Chastain may be served at his principal place of residence 2105 E. Lee St., Republic, Missouri 65738.

5. This action is based on an insurance coverage dispute, which arises out of an incident set forth in greater detail in <u>Gary Chastain and Casey Chastain v. Lawrence Photo and Video, Inc.,</u> Case No. 1631-CC00952, filed in the Circuit Court of Greene County, Missouri (the "underlying lawsuit"). A copy of the Petition filed in the underling lawsuit is attached hereto as Exhibit "A" and incorporated herein by reference. However, the allegations contained in Exhibit "A" are not herein alleged to be true.

6. The amount in controversy exceeds $75,000.00 and the dispute exists among citizens of different states. Consequently, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

7. The insurance policy from which this dispute arises was issued by United to Lawrence Photo in the State of Missouri in Greene County, which is also where the incident giving rise to the underlying lawsuit allegedly occurred. Consequently, venue is also proper.

**General Allegations**

8. Plaintiff United incorporates by reference paragraphs 1 through 7 of its Complaint for Declaratory Judgment, as if fully set forth herein.

9. The underlying lawsuit was an action for (1) Negligence; and (2) Punitive Damages, filed by defendants Gary and Casey Chastain (hereinafter "the Chastains") on August 2, 2016 in the

Circuit Court of Greene County, Missouri. Overall, the underlying lawsuit contains allegations of a claim for property damage whereby the Chastains alleged that their family videos and tapes were lost while in the possession of Lawrence Photo.

10. Plaintiff United was not provided, at any time relevant, any notification that the underlying lawsuit had been filed and was not aware that said underlying lawsuit was pending in the Circuit Court of Greene County, Missouri until after a Final Judgment Order was entered pursuant to a default judgment. Plaintiff United was not alerted or notified that the underlying lawsuit, or any subsequent pleadings or documents had been entered at any point before February 9, 2018.

11. In Count I of the underlying lawsuit, the Chastains made a claim of Negligence against Lawrence Photo, and specifically claimed that on December 18, 2014, Gary Chastain took numerous family video/audio reels, VHS tapes, and cassette tapes (herein after "videos and tapes") from the 1970s to 1980s—alleged to be of great sentiment that could never be replaced—to Defendant Lawrence Photo to be converted to DVDs. The Chastains allege that Gary left these videos and tapes in the custody of Defendant Lawrence Photo with the understanding that they would be converted to DVDs before Christmas of 2014 so that they could be given as gifts.

12. The Chastains further allege in the underlying lawsuit that after several months, the owner of Lawrence Photo, Kathy Delicato, revealed for the first time that the Chastains' family videos and tapes were lost. The underlying petition also alleges that on May 5, 2015, Gary Chastain found that Lawrence Photo had been permanently closed and that the Chastains family videos and tapes were lost. Moreover, the underlying petition claims that Kathy Delicato was never able to provide an explanation for how the videos and tapes had gone missing.

13. The Chastains allege in Count I-Negligence, that Defendant Lawrence Photo owed a duty to protect the Chastains' personal property left in Lawrence Photo's custody and control and to ensure that store policies and procedures were followed with regard to handling and protecting a customer's personal property.

14. In Count I, the Chastains allege that Defendant Lawrence Photo was negligent for the following reasons: (1) failing to have proper policies and procedures in place for handling, protecting, and/or maintaining a customer's personal property; (2) failing to follow its policies and procedures for handling, protecting, and/or maintaining a customer's personal property; (3) losing or misplacing the Chastains' personal property; (4) failing to protect the Chastains' personal property; (5) failing to advise the Chastains in a timely manner that their videos and tapes had been lost; (6) failing to advise the Chastains that Lawrence Photo was closing its store; (7) closing its store when it still had customer's personal property in its possession; and (8) failing to follow through with its promise to convert the videos and tapes to DVDs.

15. In Count II, the Chastains made a claim of Punitive Damages against Defendant Lawrence Photo alleging that Lawrence Photo's actions were done with reckless indifference and conscious disregard to others' personal property, including the Chastains, such that punitive damages were warranted, given Lawrence Photo's alleged conduct being undertaken with knowledge that such conduct produced a high degree of probability of losing highly sentimental personal property. The Chastains also allege that Defendant Lawrence Photo knew it was in the process of permanently closing its store and never communicated such knowledge to the Chastains, and that Lawrence Photo closed its store when it knew it had the Chastains' videos and tapes in its possession.

16. On January 26, 2017, by reason of default, the Circuit Court of Greene County, Missouri entered an interlocutory judgment in favor of the Chastains against Defendant Lawrence Photo.

17. On October 30, 2017, Gary Chastain appeared with his attorney to present evidence regarding damages. Defendant Lawrence Photo failed to appear. After hearing the evidence, the Circuit Court of Greene County found that the Chastains sustained damages as a result of Defendant Lawrence Photo:

> (1) Failing to have proper policies and procedures in place for handling, protecting and/or maintaining a customer's personal property;
>
> (2) Failing to advise the Chastains that its store was closing while still in the possession of the Chastains' personal property;
>
> (3) Failing to advise the Chastains in a timely manner that its store was closing;
>
> (4) Failing to advise the Chastains in a timely manner that their videos had been lost; and
>
> (5) Failing to protect the Chastains' videos.

18. On November 8, 2017, a final judgment (hereinafter "Judgment") was entered in favor of the Chastains against Lawrence Photo and Video Inc. in the amount of Five Hundred Thousand Dollars ($500,000.00), plus post judgment interest and costs.

19. Plaintiff United issued a Business Owners Policy, Policy No. 60413562 ("the Policy"), with effective dates of April 16, 2014 to April 16, 2015, to Defendant Lawrence Photo as Named Insured. A certified copy of the policy is attached hereto as Exhibit "B" and incorporated herein by reference.

**The Policy**

20. The Policy contains the following pertinent coverage provisions:

*BUSINESSOWNERS COVERAGE FORM*

*\* \* \**

*SECTION I – PROPERTY*

*A. Coverage*

*We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.*

> *1. Covered Property*
>
> *Covered Property includes . . . Business personal property as described under Paragraph **b.** below . . . depending on whether a Limit of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for . . . Business Personal Property . . . there is no coverage for property described under Paragraph **2.** Property Not Covered.*
>
> *\* \* \**
>
>> *a. Business Personal Property located in or on the buildings at the described premises or in the open (or in a vehicle) within 100 feet of the described premises, including:*
>>
>> *\* \* \**
>>
>>> *(1) Property of others that is in your care, custody or control, except as otherwise provided in Loss Payment Property Loss Condition Paragraph E.5.d.(3)(b);*
>>
>> *\* \* \**
>
> *2. Property Not Covered*
>
>> *\* \* \**
>> *i. "Electronic data", except as provided under Additional Coverages – Electronic Data.*
>>
>> *\* \* \**
>
> *4. Limitations*

6

  a. We will not pay for loss of or damage to:

    \*    \*    \*
   (3) Property that is missing, where the only evidence of the loss or damage is a shortage disclosed on taking inventory or other instances where there is no physical evidence to show what happened to the property.

    \*    \*    \*

**5.   Additional Coverages**

    \*    \*    \*
  p. Electronic Data
   (1) Subject to the provisions of this Additional Coverage, we will pay for the cost to replace or restore "electronic data" which has been destroyed or corrupted by a Covered Cause of Loss..

    \*    \*    \*

**B.   Exclusions**
    \*    \*    \*
 2.   We will not pay for loss or damage caused by or resulting from any of the following
    \*    \*    \*
  m. Errors or Omissions
   Errors or omissions in:
    (1) Programming, processing or storing data, as described under "electronic data" or in any "computer" operations; or
    (2) Processing or copying "valuable papers and records".

    \*    \*    \*

**E.   Property Loss Conditions**
    \*    \*    \*
 **3.   Duties in the Event of Loss or Damage**
  a. You must see that the following are done in the event of loss or damage to Covered Property:
   (1) Notify the police if a law may have been broken
   (2) Give us prompt notice of the loss or damage. Include a description of the property involved.
   (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.
    \*    \*    \*

7

>> *(6) As often as may be required, permit us to inspect the property proving the loss or damage and examine you books and records*
>
> \* \* \*
>
> *(8) Cooperate with us in the investigation or settlement of a claim.*

\* \* \*

### 4. *Legal Action Against Us*

*No one may bring a legal action against us under this insurance unless:*

> a. *There has been full compliance with all the terms of this insurance;*

\* \* \*

### H. *Property Definitions*

\* \* \*

3. *"Electronic Data" means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or other repositories of computer software which are used with electronically controlled equipment.*

\* \* \*

## *SECTION II – LIABILITY*

### A. *Coverages*

*We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.*

> #### 1. *Business Liability*
> i. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.*

\* \* \*

8

>> ii. *This insurance applies:*
>> 1. *To "bodily injury" and "property damage" only if:*
>>    a. *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
>>    b. *The "bodily injury" or "property damage" occurs during the policy period;*

> \* \* \*

B. *Exclusions*

1. *Applicable to Business Liability Coverage*

   *This insurance does not apply to:*

   a. **Expected Or Intended Injury**

   *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

   \* \* \*

   k. **Damage to Property**

   *"Property damage" to:*
   \* \* \*
   *(4) Personal property in the care, custody or control of the insured.*

   \* \* \*

   n. **Damage to Impaired Property Or Property Not Physically Injured**

   *"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*
   \* \* \*
   *(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*

   \* \* \*

   q. **Electronic Data**

   *Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.*

9

> *As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or other repositories of computer software which are used with electronically controlled equipment.*

> \*   \*   \*

> *E.   Liability and Medical Expenses General Conditions*

> \*   \*   \*

> *2.   Duties in the Event Of Occurrence, Offense, Claim or Suit*
>
> > *a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*
> > > *(1) How, when and where the "occurrence" or offense took place;*
> > > *(2) The names and addresses of any injured persons or witnesses; and*
> > > *(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.*
> >
> > *b.   If a claim is made or "suit" is brought against any insured, you must:*
> > > *(1) Immediately record the specifics of the claim or "suit" and the date received; and*
> > > *(2) Notify us as soon as practicable.*
> >
> > > *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*
> >
> > *c.   You and any other insured must:*
> > > *(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*
> > > *(2) Authorize us to obtain records and other information;*
> > > *(3) Cooperate with is in the investigation or settlement of the claim or defense against the "suit"; and*
> > > *(4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance*

10

> *may also apply.*

> *                \*           \*           \**

> 3.   ***Legal Action Against Us***
>
> *No person or organization has a right under this policy:*
>
> > *a.   To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or*
> > *b.   To sue us on this policy unless all of its terms have been fully complied with.*
>
> > > *(1) How, when and where the "occurrence" or offense took place;*
> > > *(2) The names and addresses of any injured persons or witnesses; and*
> > > *(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.*

> *                \*           \*           \**
> **F.   *Liability and Medical Expenses Definitions***
>
> *                \*           \*           \**
>
> > 17.   *"Property damage" means:*
> >    *a.   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
> >    *b.   Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*
>
> *For the purposes of this insurance, electronic data is not tangible property.*
>
> *As used in this definition, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software     (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or other repositories of computer software which are used with electronically controlled equipment.*

11

18. *"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.*

\* \* \*

## SECTION III – COMMON POLICY CONDITIONS (APPLICABLE TO SECTION I-PROPERTY AND SECTION II-LIABILITY)

\* \* \*

F. *Insurance Under Two or More Coverages*

*If two or more of this policy's coverage apply to the same loss or damage, we will not pay more than the actual amount of the loss or damage.*

\* \* \*

\* \* \*

## MISSOURI-PREMIERPRO PLUS ENDORSEMENT

*This endorsement modifies insurance provided under the following:*
BUSINESSOWNERS COVERAGE FORM

\* \* \*

8. In **Section A.6. Coverage Extensions** *the following paragraphs are added:*

\* \* \*

h. Data Processing Coverage
   *(1) Coverage. You may extend the insurance provided by this coverage part to pay up to $25,000 unless a higher Limit of Insurance is indicated in the Declarations, for loss or damage to "Data Processing Equipment", including component parts of that equipment, "Data," "Media" (including unused media), or "computer programs" which are:*

   \* \* \*

   *(c) Under your control*

   at a location described in the declaration.

   \* \* \*

   *(2) Property not covered. Covered property does not include:*

12

    \*   \*   \*

  *(b) Any "data" or "media" which cannot be replaced with others of like kind or quality;*

    \*   \*   \*

*(4) Additional Definitions. The following definitions are added:*

    \*   \*   \*

  *(a) "Data processing equipment" means a network of machine components capable of accepting information, processing it according to plan, and producing desired results.*

  *(b) "Data" means facts, concepts, or instructions, including computer programs, which are converted to a form usable in your data processing operations;*

  *(c) "Media" means material on which data is recorded.*

    \*   \*   \*

*PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION*

*Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages.*

## **COUNT I – DECLARATORY JUDGMENT**

21. Plaintiff United incorporates by reference paragraphs 1 through 20 of its Complaint for Declaratory Judgment, as if fully set forth herein.

22. At all times relevant, Defendant Lawrence Photo failed to cooperate, notify, and/or alert Plaintiff United of the filing of a petition and all subsequent pleadings, including the entry of a

Final Judgment, in the action styled <u>Gary Chastain and Casey Chastain v. Lawrence Photo and Video, Inc.</u>, Case No. 1631-CC00952, filed in the Circuit Court of Greene County, Missouri.

23. At all times relevant, Defendant Lawrence Photo failed to describe how, when and where the videos and tapes of the Chastains were lost.

24. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because Defendant Lawrence Photo failed to meet its duties pursuant to BUSINESSOWNERS COVERAGE FORM, SECTION I-PROPERTY, E. Property Loss Conditions, 3. Duties in the Event of Loss or Damage, of the United Policy.

25. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because Defendant Lawrence Photo failed to meet its duties pursuant to BUSINESSOWNERS COVERAGE FORM, SECTION II-LIABILITY, E. Liability and Medical Expenses General Conditions, 2. Duties in the Event of Occurrence, Offense, Claim or Suit, of the United Policy.

26. At all times relevant, Defendant Lawrence Photo failed to provide any explanation or physical evidence to show what happened to, or became of, the missing videos and tapes of the Chastains.

27. At all times relevant, Defendant Lawrence Photo held the personal property of Gary and/or Casey Chastain in its possession, care, custody and/or control.

28. At all times relevant, Defendant Lawrence Photo held the personal property of Gary and/or Casey Chastain in its care, custody and/or control while knowing and/or expecting that it was closing its business.

29. At all times relevant, the information and electronic data on the Chastains' tapes and videos were irreplaceable once lost.

30. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because coverage is specifically limited under the BUSINESSOWNERS COVERAGE FORM, SECTION I-PROPERTY, A. Coverage, 4. Limitations, which does not provide coverage for property that is missing in instances where there is no physical evidence to show what happened to the property.

31. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because the videos and tapes described in the underlying lawsuit do not meet the definition of "covered property" under the BUSINESSOWNERS COVERAGE FORM, SECTION I-PROPERTY, of the United Policy.

32. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because the claims of error or omission in the storage of electronic data is specifically excluded under the BUSINESSOWNERS COVERAGE FORM, SECTION I-PROPERTY, B. Exclusions, m. Errors and Omissions, of the United Policy.

33. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because coverage is specifically excluded under the BUSINESSOWNERS COVERAGE FORM, SECTION II-LIABILITY, B. Exclusions, a. Expected or Intended Injury, of the United Policy.

34. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because coverage is specifically excluded under the BUSINESSOWNERS COVERAGE FORM, SECTION II-LIABILITY, B. Exclusions, k. Damage to Property, of the United Policy, specifically those provision(s) in relation to property damage to personal property in the care, custody or control of the insured.

35. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because coverage is specifically excluded under the BUSINESSOWNERS COVERAGE FORM, SECTION II-LIABILITY, B. Exclusions, n. Damage to Impaired Property or Property Not Physically Injured, of the United Policy.

36. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because coverage is specifically excluded under the BUSINESSOWNERS COVERAGE FORM, SECTION II-LIABILITY, B. Exclusions, q. Electronic Data, of the United Policy.

37. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because there was no physical injury or loss of use to "tangible property."

38. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because the Chastains' videos and tapes described in the underlying lawsuit do not meet the definition of "covered property" pursuant to the MISSOURI-PREMIERPRO PLUS ENDORSEMENT, SECTION I-PROPERTY, A. Coverages, 6. Coverage Extensions, h. Data Processing Coverage, (2) Property not covered, of the United Policy.

39. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because the Chastains' videos and tapes described in the underlying lawsuit do not meet the definition of "covered property" pursuant to the PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION endorsement, of the United Policy.

40. The United Policy affords no coverage to Defendant Lawrence Photo for the underlying action, including any claims that were or could have been asserted therein, or the Judgment entered in the underlying lawsuit, because coverage is specifically excluded pursuant to the PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION endorsement, of the United Policy.

WHEREFORE, plaintiff United Fire & Casualty Company prays for the following relief:

(a) A declaration of the Court that Policy No. 60413562 issued by plaintiff United contains unambiguous language that does not provide coverage to Defendant

Lawrence Photo and Video with respect to the claims and causes of action that were asserted or could have been asserted by Defendants Gary and Casey Chastain or in any Judgment entered in the underlying lawsuit styled <u>Gary Chastain and Casey Chastain v. Lawrence Photo and Video, Inc.</u>, Case No. 1631-CC00952, filed in the Circuit Court of Greene County, Missouri;

(b) A declaration of the Court that United neither has, nor had, any duty to defend Defendant Lawrence Photo and Video, Inc. in the underlying lawsuit styled <u>Gary Chastain and Casey Chastain v. Lawrence Photo and Video, Inc.</u>, Case No. 1631-CC00952, filed in the Circuit Court of Greene County, Missouri;

(c) A declaration of the Court that United neither has, nor had, any duty to indemnify Defendant Lawrence Photo and Video, Inc. with respect to any judgment entered or settlement reached in the underlying lawsuit styled <u>Gary Chastain and Casey Chastain v. Lawrence Photo and Video, Inc.</u>, Case No. 1631-CC00952, filed in the Circuit Court of Greene County, Missouri;

(c) For the Plaintiff's costs and attorney's fees incurred herein; and

(d) For all other and further relief as the Court deems just and proper.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

/s/ John G. Schultz
JOHN G. SCHULTZ  #34711
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100
(816) 421-7915 (fax)
*jschultz@fsmlawfirm.com*
**Attorney for Plaintiff United Fire & Casualty Company**

18

Case 6:18-cv-03052-MDH   Document 1   Filed 02/16/18   Page 18 of 18